UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MARIO ANIBAL RIVERA, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

SUPERIOR RESTORATION & CLEANING SERVICES, INC.,
a Florida Corporation, and AHARON ATZMI, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MARIO ANIBAL RIVERA, on behalf of himself and similarly situated employees, sues the Defendants, SUPERIOR RESTORATION & CLEANING SERVICES, INC., a Florida Corporation (hereinafter referred to as "SUPERIOR") and AHARON ATZMI, an individual (hereinafter referred to as "ATZMI") and states as follows:

### JURISDICTION

1. This is an action for damages being brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201-209 (hereinafter "FLSA") and other relief including violations of 29 U.S.C. §215, violations of 26 U.S.C. §7434, violations of the Florida Unfair and Deceptive Trade Practices Act (FUDTPA), Florida Statutes §501.204 *et seq.*, and violations of the Florida Whistleblower Act, F.S. §448.102 *et seq.*

2. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b), 26 U.S.C. §7434 and 28 U.S.C. §1337 & §1367(a).

1

3. All of the events, or a substantial part of the events, giving rise to this action, occurred in Broward County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

4. Plaintiff, MARIO ANIBAL RIVERA (hereinafter referred to as "Plaintiff"), is an individual residing in Broward County, Florida and all times material hereto was an employee of SUPERIOR performing the job duties as a mover and driver for Defendant's restoration company.

5. At all times material to this Complaint, Defendants, SUPERIOR and ATZMI, have owned and operated a moving, and property restoration company serving customers throughout the State of Florida, with a principal place of business located at 3640 NW 118th Ave, Coral Springs, Florida 33065 in Broward County, within the jurisdiction of this Court.

6. At all times material hereto, Defendants were doing business in the State of Florida and have regularly engaged in activities that involve interstate commerce or that are specifically covered by the FLSA. Moreover, at all times material hereto, the Defendant, SUPERIOR, had annual gross sales or business in an amount not less than $500,000. By reason of the foregoing, the Defendant, SUPERIOR, was and is an "employer" within the meaning of Section 3(d) of the FLSA.

7. Defendant, ATZMI, has at all times material to this Complaint owned and managed SUPERIOR, and Defendant ATZMI, has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of SUPERIOR. By virtue of such control and authority, Defendant ATZMI is an employer of Plaintiff and the other employees of SUPERIOR similarly

situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

8. On many occasions throughout his employment for Defendant, SUPERIOR, Plaintiff worked in excess of forty (40) hours per week and was not paid overtime.

9. During the time that Plaintiff had been employed at SUPERIOR, he and other similarly situated employees were improperly classified as independent contractors rather than as employees. In addition, Defendants wrongfully issued and filed with the IRS 1099's so that SUPERIOR and ATZMI could attempt to avoid complying with Federal and State laws, including, but not limited to, the failure to pay Federal payroll taxes and State unemployment, taxes.

10. As to Plaintiff and all similarly situated employees, SUPERIOR and ATZMI, (a) dictated the days and hours that they worked; (b) provided all tools that they needed to perform their work; (c) required them to work from Defendants' facilities and go to Defendants' customer's homes; and (d) dictated and directed, supervised and managed them in all work that they did and otherwise acted as their employer.

11. Plaintiff's primary duties as a "Mover and Driver" consisted of the following non-exempt tasks: (a) transport Defendants' employees to and from the work sites; (b) collect and dispose of all the trash from the work site to the city waste facility or ATZMI's home; (c) pick up any materials necessary for the day's work at ATZMI's house or vendor warehouse; (d) wrap and package all personal items and furniture at Defendants' customers' property; and (e) deliver Defendants' customers' personal property and furniture from their home to storage.

12. Plaintiff has retained the undersigned law firm in this matter and has agreed to pay it a reasonable fee for its services.

13. Plaintiff has complied with all conditions precedent to the filing of this action and/or same have been waived or excused by Defendants.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (FLSA)

14. The Plaintiff reasserts and realleges the allegations contained in paragraphs (1) through thirteen (13) as if more fully set forth herein.

15. For purpose of this claim, Plaintiff and all similarly situated individuals were employees mischaracterized as independent contractors of SUPERIOR when they were in fact employees as defined by the FLSA.

16. At all times relevant, the Defendants were otherwise charged with the responsibility of paying wages to Plaintiff and all similarly situated individuals.

17. Defendants are employers as defined by the Fair Labor Standards Act.

18. The Plaintiff brings this action on his own behalf and on behalf of all similarly situated individuals to recover overtime compensation or other relief as guaranteed them under the Fair Labor Standards act, as amended, 29 U.S.C. §216(b).

19. Plaintiff and all similarly situated individuals were all non-exempt hourly paid employees of Defendants wrongfully classified as independent contractors employed as laborers and particularly movers and drivers for Defendants' restoration and moving business.  Some of the preliminary job duties conducted by Plaintiff were to (a) transport Defendants' employees from each one of their respective homes to the Defendants' customers' property every morning and back to their homes at the end of the day; (b) travel to ATZMI's home and Defendants' vendors warehouses to pick up any materials needed for the day's work; (c ) travel to ATZMI's home or the city waste facility to dump out the trash from the days' assignment.  Plaintiff and similarly situated employees also had to (a) collect and dispose of all the trash from the work site to the city waste facility or ATZMI's home; (b) pick up any materials necessary for the day's work at ATZMI's house or vendor warehouse; (c) wrap and package all personal items and furniture at

4

Defendants' customers' property; and (d) deliver Defendants' customers' personal property and furniture from their home to storage.

20. This action is brought to recover from Defendants overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216 ("the Act").

21. Despite the record keeping requirements of the FLSA, 29 C.F.R. §§516.2, 516.6, Defendants failed to maintain records of *__all__* the actual start times, actual stop times, actual hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated "Movers and Drivers" for Defendants for each and every work week during the three (3) year statute of limitations period between July 2016 and the present.

22. Defendants paid Plaintiff $20.00 per hour for regular hours worked and $30.00 per hour for some hours worked in excess of Forty (40) hours of work per week.  Plaintiff is owed between Twelve (12) and Eighteen (18) unpaid overtime hours per week from Defendants, at Plaintiff's overtime hourly rate of $30.00 per hour, on approximately Forty-Four (44) work weeks within the three (3) year statute of limitations between approximately March 2018 and March 2019.  Plaintiff's unpaid overtime wages total approximately between $15,840.00 [12 Unpaid OT hours/week x $30.00/hour x 44 weeks = $15,840.00] and $23,760 [18 Unpaid OT hours/week x $30.00/hour x 44 weeks = $23,760.00].

23. At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff and other similarly situated "Movers and Drivers" in excess of Forty (40) hours per week between July 2016 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to him at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead

accepting the benefits of the work performed by Plaintiff and the other "Movers and Drivers" without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

24. Some of the time keeping records and the complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated "Movers and Drivers," however variously titled, between July 2016 and the present are in the possession, custody, and/or control of Defendants.

25. Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately March 2018 and March 2019.

26. All similarly situated "Movers and Drivers," however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between July 2016 and the present.

27. Defendants have knowingly and willfully failed to pay Plaintiff and the other "Movers and Drivers," however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between July 2016 and the present.

28. At all times material to this Complaint, Defendants had constructive and actual notice as of approximately March 2018 and again in February 2019, when Plaintiff complained to ATZMI regarding Defendants' failure to credit Plaintiff for all hours worked prior to his scheduled

start time, spent transporting other employees, picking up materials and throwing out the trash, as a result of which Defendants' compensation practices did not provide Plaintiff and other "Movers and Drivers," however variously titled, with time and one-half wages for all of their actual overtime hours worked between July 2016 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated "Movers and Drivers", and instead failing to pay time and one-half wages for all the overtime hours that Defendants knew have been worked for the benefit of Defendants.

29. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

30. As a result of Defendants' violations of the Act, Plaintiff and all similarly situated employees are entitled to liquidated damages.

31. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

WHEREFORE, Plaintiff, MARIO ANIBAL RIVERA and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, SUPERIOR RESTORATION & CLEANING SERVICES, INC., and AHARON ATZMI, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II – DECLARATORY RELIEF

32. The Plaintiff restates and realleges the allegations contained in paragraphs one (1) through thirteen (13) above as if more fully set forth herein.

33. Defendants contend that Plaintiff was an independent contractor.

34. There is a bona fide, actual and present need for declaratory relief between the parties. Plaintiff contends that he has been improperly classified as an independent contractor when in fact he was an employee.

35. Plaintiff seeks a declaration concerning a present, ascertained or ascertainable state of facts and in particular a declaration of whether he was an independent contractor or employee.

36. An immunity, power, privilege or right of Plaintiff is dependent upon the facts or law applicable to the facts.

37. Plaintiff has, or is reasonably expected to have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

38. The antagonistic and/or adverse interests are before this Court by proper process.

39. The relief sought is not merely for giving of legal advice.

40. WHEREFORE, MARIO ANIBAL RIVERA demands declaratory judgment and requests damages, together with interest and court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

## COUNT III – VIOLATIONS OF 26 USC §7434

41. Plaintiff readopts and realleges the allegations contained in paragraphs one (1) through thirteen (13) above as if more fully set forth herein.

42. At all times material hereto, Plaintiff was an "employee" of Defendants and as such should have been issued a W-2 for all wages paid to Plaintiff.

43. In addition, because Plaintiff was an employee, Defendants were required to withhold taxes and remit same in accordance with federal law.

44. Despite the foregoing, SUPERIOR and ATZMI, issued Plaintiff an IRS Form 1099 for tax year 2018 with the full knowledge that they were issuing and filing fraudulent information returns

45. Based upon the foregoing, Defendants have violated 26 U.S.C. 7424 by willfully filing fraudulent information returns.

46. Defendants acts of knowingly and willfully filing fraudulent information returns resulted in harm to Plaintiff, and Plaintiff is entitled to damages, as well as attorney's fees and costs for the violations of 26 U.S.C. 7424.

WHEREFORE, Plaintiff, MARIO ANIBAL RIVERA, demands judgment against Defendants, jointly and severally, SUPERIOR RESTORATION & CLEANING SERVICES, INC., and AHARON ATZMI, for damages, attorneys' fees, and costs pursuant to 26 U.S.C. §7434.

### COUNT IV – VIOLATIONS OF THE FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

47. The Plaintiff realleges and readopts the allegations contained in paragraphs one (1) through thirteen (13) as if more fully set forth herein.

48. Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) makes it unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  F.S. §501.204.

49. The actions of Defendants of knowingly and willfully misclassifying Plaintiff and similarly situated employees as an independent contractor and thus avoiding payment of all required taxes and insurance premiums and required overtime are unfair and/or deceptive practices which are unethical and substantially injurious to Plaintiff and other employees, in violation of

F.S. §501.204.

50. As a direct and proximate result of Defendants' unfair and/or deceptive practices of willfully mischaracterizing Plaintiff as an independent contractor, Plaintiff has suffered damages.

51. Pursuant to F.S. §501.211(2), Plaintiff is entitled to recover from Defendants damages plus his attorneys' fees and costs.

WHEREFORE, Plaintiff, MARIO ANIBAL RIVERA, demands judgment against Defendants, jointly and severally, SUPERIOR RESTORATION & CLEANING SERVICES, INC., and AHARON ATZMI, for damages, attorneys' fees, and costs pursuant to F.S. §501.211.

## COUNT V- VIOLATION OF 29 U.S.C. §215

52. The Plaintiff realleges and readopts the allegations contained in paragraphs one (1) through thirteen (13) above as if more fully set forth herein.

53. Plaintiff began working for Defendants in or about March 2018 as a "mover" and "driver" for Defendants' restoration business.

54. At all times material hereto, Plaintiff qualified as an employee under the law and not as an independent contractor because:

> (a) Plaintiff worked on a full-time, permanent basis carrying out non-exempt duties as a Driver and Mover in Defendants' moving and restoration business each week;
> (b) Defendants determined the hours Plaintiff was required to work and set Plaintiff's weekly scheduled;
> (c) Defendants provided Plaintiff with the tools and supplies needed to perform his job duties;
> (d) Plaintiff was wholly dependent on Defendants for earning his livelihood;
> (e) Plaintiff did not share in the profit or loss of Defendants;
> (f) Defendants were not dependent upon any managerial skill of Plaintiff;
> (g) Defendants exercised direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendants;

  (h) the duties Plaintiff carried out for Defendants on a daily basis did not require specialized skills by Plaintiff; and

  (i) Plaintiff's driver and mover duties for Defendants were an integral part of Defendants' moving and restoration business.

55. Throughout his entire span of employment, between approximately March 2018 and March 2019, Defendants paid Plaintiff an hourly rate of $20.00/hour and Defendants knowingly and willfully did not deduct any of the statutorily required withholdings from Plaintiff's wages.

56. Defendants also did no keep accurate time records and did not pay Plaintiff for all hours he worked.

57. Plaintiff regularly worked for Defendants in the position known as "Mover and Driver" as many as six (6) days per week with varying start times, beginning as early as 6:00 a.m. – 6:30 a.m. and ending as late as 8:00 p.m. to 10:00 p.m.

58. Plaintiff was often required to perform preliminary and postliminary duties such as: (a) transporting Defendants' employees from each one of their respective homes to the Defendants' customers' property every morning and back to their homes at the end of the day; (b) traveling to ATZMI's home and Defendants' vendors warehouses to pick up any materials needed for the day's work; and (c ) travel to ATZMI's home or the city waste facility to dump out the trash from the days' assignment

59. Depending on the assigned work site, Plaintiff regularly worked an average of sixty-seven (67) to seventy-three (73) hours per week.

60. Although Defendants regularly paid Plaintiff an hourly rate of $20.00 per hour, Defendants would also occasionally pay Plaintiff $30.00 per hour for some of the overtime hours worked by Plaintiff.

61. Defendants routinely failed to pay Plaintiff for the hours spent on preliminary and postliminary work.

62. In approximately February 2018, Plaintiff objected to Defendants' failure to credit Plaintiff all hours worked performing preliminary and postliminary duties.

63. After he objected, Defendants began paying Plaintiff for some, but not all of the additional hours worked.

64. In or about February 2019, Plaintiff received a Form 1099 from Defendants and not a W-2.

65. Plaintiff objected to not being given a W-2 and for not being credited and paid for all hours he worked. As a result of which Defendants began paying some of the hours worked by Plaintiff in performing those duties beginning February 2018 until Plaintiff's termination in March 2019.

66. After Plaintiff objected to Defendants violation of the FLSA, Plaintiff was fired from his employment.

67. Prior to being terminated, Defendants did not have any complaints regarding Plaintiff's job performance.

68. Defendants retaliated against Plaintiff for complaining about violations of the FLSA.

69. Defendants actions of terminating Plaintiff for objecting to illegal wage and hour practices is a violation of 29 U.S.C. 215.

70. As a direct and proximate result of Defendants' violation of 29 U.S.C. 215, Plaintiff has suffered damages.

71. Pursuant to 29 U.S.C. 215, Plaintiff is entitled to recover his damages and attorney's fees and costs.

WHEREFORE, Plaintiff, MARIO ANIBAL RIVERA, demands judgment against Defendants, jointly and severally, SUPERIOR RESTORATION & CLEANING SERVICES, INC., and AHARON ATZMI, for back pay, employment benefits and other compensation including bonuses, compensatory damages, punitive damages, emotional distress, equitable relief, including, but not limited to, reinstatement or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

**COUNT VI - VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT, F.S. §448.102**

72. Plaintiff realleges and readopts the allegations contained in paragraphs one (1) through thirteen (13) above, as if more fully set forth herein.

73. At all times material to this Complaint between March 2018 and March 2019, Plaintiff was an employee of SUPERIOR and ATZMI within the meaning of F.S. §448.101(2).

74. At all times material to this Complaint, SUPERIOR and ATZMI have been engaged in an industry affecting commerce and have had ten (10) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

75. At all times material to this Complaint, SUPERIOR and ATZMI were employers of Plaintiff within the meaning of F.S. §448.101(3).

76. Under Florida's Whistleblower Act, F.S. §448.102, an employer <u>may not</u> take any retaliatory personnel action against an employee because the employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the

13

        employer a reasonable opportunity to correct the activity, policy, or practice.

        (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

        (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

77.    In or around March 2018 and again in February 2019, Plaintiff objected to Defendants' practices in failing to compensate Plaintiff for all hours worked in performing preliminary and postliminary duties. In February 2019, Plaintiff also objected to Defendants' misclassifying Plaintiff as an independent contractor and issuing him an IRS 1099 Form containing the incorrect amount of wages earned for 2018.

78.    Plaintiff in good faith believed Defendants' practices in misclassifying Plaintiff as an independent contractor, and not withholding applicable taxes was illegal, in addition to failing to provide Plaintiff a 1099 IRS form reflecting the total amount of wages paid to Plaintiff in 2018, such that in or around mid-February 2019, when Defendants issued Plaintiff an incorrect 1099 IRS Form, Plaintiff complained to ATZMI about Plaintiff's 1099 IRS form reflecting total wages earned of $14,777.03, an amount lesser than that which Plaintiff was paid in the year 2018. *See* Exhibit "A," Plaintiff's 1099 IRS form.

79.    In response, ATZMI advised Plaintiff that Defendants could not report all the wages earned by Plaintiff, but he would discuss it further with his accountant. ATZMI also commented Plaintiff being the only person complaining about a 1099 reflecting less wages than those earned. Nevertheless, following this exchange, Plaintiff's 1099 IRS form was never corrected.

80. On March 7, 2019, Plaintiff and Defendants' other employees were assigned to work at one of Defendants' customer's property in Jacksonville, Florida property. While at the Jacksonville property, Plaintiff was performing his duties in packing and moving Defendants' customer's personal property. During that same time, Plaintiff observed some of the other employees and Defendant ATZMI smoking marijuana. Plaintiff complained and objected to continuing to work with employees under the influence of drugs.

81. However, ATZMI responded to Plaintiff's objections with "don't worry about it, it's not your business."

82. After working all day on March 7, 2019, Plaintiff and the other employees completed their assignment in Jacksonville, Florida. They traveled back to Pompano Beach, Florida at approximately 2:00 a.m. on March 8, 2019 in. a rented Suburban being driven by ATZMI. While ATZMI was driving the vehicle on Interstate 95, ATZMI was wearing dark shades covering his bloodshot eyes and swerving on the highway. Plaintiff again objected to ATZMI driving while under the influence of drugs.

83. When they returned on the morning of March 8, 2019, Defendant ATZMI dropped off Plaintiff at Plaintiff's home in Pompano Beach, Florida. ATZMI then instructed Plaintiff to get Defendant's van, which had been left at Plaintiff's home, because there was a job that needed to be done that day. ATZMI also instructed Plaintiff to pick-up materials at ATZMI's home.

84. Plaintiff went to ATZMI's home as instructed and Plaintiff and ATZMI got into an argument about Plaintiff's complaints that employees, including ATZMI, were using marijuana and that ATZMI had been driving under the influence.

85. Following the argument, ATZMI summarily fired Plaintiff from his job.

86. At all times material hereto, Plaintiff engaged in protected activity within the

meaning of Florida's Whistleblower Act, F.S. §448.102(3) when he objected to the illegal practices related to his compensation and to the drug usage.

87. On March 8, 2019, Defendants subjected Plaintiff to "retaliatory personnel action" within the meaning of Florida's Whistleblower Act, F.S. §448.101(5) when they fired Plaintiff because of Plaintiff's objections about Defendants' failure to compensate Plaintiff for all hours worked, the misclassification and issuance of an incorrect IRS 1099 form for 2018 and Plaintiff's objection to work and travel with other employees and Defendant ATZMI driving while under the influence of drugs, all in violation of F.S. §448.102(3).

88. Plaintiff reasonably and in good faith believed that: (a) Defendants' failure to compensate Plaintiff for all hours worked performing preliminary and postliminary duties; (b) Defendants' misclassification of Plaintiff as an independent contractor and failure to withhold applicable taxes and make tax contribution payments required by Federal and Florida law with subsequently issuing Plaintiff an incorrect IRS 1099 Form reflecting less wages than what which Defendant paid Plaintiff; and (c) working with and traveling with employees and specifically Defendant ATZMI driving while under the influence of drugs, were violations of a "law, rule, or regulation" within the meaning of Florida's Whistleblower Act, F.S. §448.101(4).

89. The fact that Plaintiff engaged in activity protected by Florida's Whistleblower Act was a motivating factor in Defendants' "retaliatory personnel action" against Plaintiff and the termination of Plaintiff's employment, in violation of F.S. §448.102(3).

90. Defendants' violations of F.S. §448.102 were willful, egregious and in direct violation of the statutory protections expressly set forth in Florida's Whistleblower Act.

91. Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendants' violations of F.S. §448.102.

92.     Pursuant to F.S. §448.104, Plaintiff is entitled to recover his reasonable attorneys' fees and costs from Defendants under Count VI of this Complaint.

WHEREFORE, Plaintiff, MARIO ANIBAL RIVERA, demands judgment against Defendants, jointly and severally, SUPERIOR RESTORATION & CLEANING SERVICES, INC., and AHARON ATZMI, for back pay, employment benefits and other compensation including bonuses, compensatory damages, punitive damages, emotional distress, equitable relief, including, but not limited to, reinstatement or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: July 10, 2019                     Respectfully submitted,

By:     **HAZEL SOLIS ROJAS**
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hazel@solisrojaslaw.com
Law Office of Hazel Solis Rojas, P.A.
3105 NW 107th Avenue, Suite 400
Doral, Florida 33172
Telephone: (305) 558-8402

Barbra Anne Stern, Esquire
Florida Bar No. 526576
E-mail: barbra@sterncnslt.com
Law Office of Barbra Stern, PA
808 E Las Olas Blvd Ste 102
Fort Lauderdale, FL 33301-2201
Telephone: 954-743-4710

Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Aharon Atzmi and Superior Restoration & Cleaning Services, Inc.,** as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Hazel Solis Rojas, P.A. and Law Office of Barbra Stern, P.A., to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*mario rivera*
mario rivera ▇▇▇▇▇▇
**Mario A. Rivera**